SINGLETON v. WILSON.

(*Nashville.* January 18th, 1887.)

1. MEASURE OF DAMAGES. *On breach of "building contract."*

A contract to build a mill-dam for a certain sum, the owner to furnish all materials, is not a contract of hiring, or for personal services, but a contract for a "job of work," called in the books a "building contract;" and for breach of such contract by the owner's failure to furnish materials, the measure of damages is not the value of the contractor's time, or the price agreed to be paid for the work, but the *value of the contract*, which is the difference between the price agreed to be paid, and what would have been the cost of performance.

Singleton *v.* Wilson.

2. SUPREME COURT PRACTICE. *Finding of Circuit Judge reversed for misconstruction of contract.*

A judgment for damages, for breach of contract, based on the finding of a Circuit Judge, will be reversed, where it is manifest that he misconceived the nature of the contract sued on, and was thereby misled in estimating the damages.

(See Smith *v.* Hubbard, *ante,* p. 306.)

---

FROM COFFEE.

---

Appeal in error from the Circuit Court of Coffee County. J. J. WILLIAMS, J.

Action for breach of contract. Plaintiff had judgment below. Defendant appealed.

I. C. STONE for Singleton.

F. M. SMITH for Wilson.

LURTON, J. Singleton contracted with Defendant Wilson to build him a mill-dam and fore-bay for the price of $200, the latter to furnish all materials. The work was to begin August 1st, 1881. Wilson failed to furnish the materials, and postponed from time to time the beginning of the work, until finally he contracted with another for the work and materials. The work was never begun by the plaintiff, and solely because the necessary materials were not furnished by defendant.

Plaintiff . brought suit for damages for breach of contract, and upon trial before the Circuit Judge, a jury being waived, recovered damages to the extent of $200, the full sum he was to have been paid if he had completed the work. ' It is very clear that this was not a contract of hiring or for personal services. It was a contract for a job of work, and is what is called in the books a building contract. The proof shows that plaintiff would have had to hire hands and to have paid them out of the price he was to have received. He says that by hiring a full force he could have built the mill-dam and fore-bay in one month, and that his services and time would have been reasonably worth two dollars per day. The proof of damages submitted by plaintiff upon the trial below was directed solely to proving the length of time he was delayed by the failure of the defendant to furnish materials to enable him to go on with the work. He does not show that he ever objected to the postponement of the work by defendant or gave notice that he was losing his time. The measure of damages in respect to a building contract where performance has been prevented by the fault of the defendant, is the value of the contract; and this is the difference between the price agreed to be paid and the cost of performance to the plaintiff. 2 Addison on Contracts, Section 881; 1 Sutherland on Damages, 130.

The fact that plaintiff was prevented from beginning the work by the failure of defendant to

Singleton *v.* Wilson.

furnish materials was the breach of the contract, and for this the action lies; but the loss of plaintiff's time was not a proper element of damages, and was not a damage within the contemplation of the parties when the contract was entered into. The loss of profit, the loss of the benefit of the contract, is the damage for which an action will lie where the work was never begun. Whether there may not be special circumstances where other elements of damages might not be considered, it is not necessary for us to now determine. The Circuit Judge, in estimating damages manifestly proceeded upon the idea that this was a contract for personal services, or a contract of hiring, and that the time lost by plaintiff in waiting for defendant to get ready was an element of damages. There is no proof whatever showing what the execution of this contract would have cost the plaintiff. It may have been a profitable or valuable contract; but if so, plaintiff has wholly failed to show it. Rendering such judgment as the Circuit Judge should have rendered upon the facts of this case, there is shown no damage under the rule of damages as defined in this opinion.

The report of the Referees will be confirmed, and judgment will be rendered here for the defendant, with costs.